I agree with the main opinion that the trial court erred in consolidating for trial the July offenses of attempting to elude, *Page 286 
following too close, and speeding with the August offense of reckless driving.
For consolidation of separate offenses occurring at different times to be proper, the offenses have to be "of the same or similar character," "based on the same conduct or . . . otherwise connected in their commission," or "alleged to have been part of a common scheme or plan." Rule 13.3(a) and (c), Ala. R.Crim. P. The trial court rules on a motion to consolidate before trial. In a criminal case, the decision is based on the State's proffer of the evidence and without the benefit of knowing whether the defendant will testify and what issues the defendant's testimony may place in dispute.
In this case, the facts as presented by the State at trial establish that the only potential ground for proper consolidation was that the offenses were "of the same or similar character." Both the July offenses and the August offense involved Tisdale's operation of her vehicle; otherwise the facts surrounding the offenses are distinguishable. The fact that the July offenses and the August offense involved Tisdale's operation of her vehicle does not make the offenses "of the same or similar character." Indeed, the facts surrounding the July offenses and the August offense involve different circumstances and resulted in charging different violations of the Alabama Code. Nothing presented by the State makes the two incidents and the resulting charged offenses "of the same or similar character" or overcomes the prejudice that Tisdale incurred by being forced to defend against the offenses at the same time. Cf. Ex parte Pincheon,751 So.2d 1219 (Ala. 1999) (holding that the trial court exceeded the scope of its discretion in refusing to sever a charge of interference with the custody of a minor and the charge of first-and second-degree rape involving two separate victims because the only connection between the two offenses was the fact that the victims were sisters and that connection alone did not make the offenses of the same or similar character). Because the offenses in this case were not of the same or similar character, I maintain that the consolidation of the offenses for trial was improper; therefore, I concur in the result of the main opinion.
LYONS, SMITH, and BOLIN, JJ., concur.